Michael Yesk (SB#130056)
Megan Dailey (SB#221574)
Yesk Law
70 Doray Drive, Suite 16
Pleasant Hill, CA 94523
925-849-5525
m.yesklaw@gmail.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ASVINI PATEL and PRAVINA PATEL,<br><br>    Plaintiffs,<br><br>    vs.<br><br>U.S. BANK, N.A.; WELLS FARGO BANK, N.A.; HOMEWARD RESIDENTIAL, INC.; POWER DEFAULT SERVICES, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; AND DOES 1-100, INCLUSIVE,<br><br>    Defendants | Case No.: 5:13-cv-00748-PSG<br><br>AMENDED COMPLAINT FOR WRONGFUL FORECLOSURE<br><br>JURY TRIAL DEMANDED |

**I. Introduction**

1.     This action arises of out the current economic crisis that has hit the nation and continues to destroy homeowners' ability to maintain their properties.  The failure and unraveling of the real estate market has caused a rush of foreclosures on properties all over the country by banks and mortgage servicing companies, such as Defendants.  As the foreclosure crisis continues, it has become clear that in their efforts to foreclose on as many properties as quickly as possible lenders and servicers have been taking action outside the law.  The extent of

AMENDED COMPLAINT - 1

the crisis and the clear need for action has once more been highlighted by the recent national mortgage settlement.

2. This case is yet another example of those in the mortgage and foreclosure industry engaging in wrongful, illegal, and permanently damaging activities against homeowners.

## II. Parties

3. Plaintiffs ASVINI PATEL and PRAVINA PATEL (collectively "Plaintiffs") are allegedly the Trustors/Borrowers on that certain Deed of Trust recorded on October 13, 2006 as Instrument No. 2006091088 in the Official Records of the Recorder of Monterey County, California, purportedly putting a lien on the real property located at 24660 Vereda Corta, Salinas, CA 93908, APN No. 161-622-012 (the "Subject Property").

4. Plaintiffs are informed and believe and on that basis allege that Defendant U.S. Bank, N.A. ("U.S. Bank"), is a National Banking Association organized under the laws of the United States with its main office in Cincinnati, Ohio.

5. Plaintiffs are informed and believe and on that basis allege that Defendant Wells Fargo Bank, N.A.. ("Wells Fargo"), is a National Banking Association organized under the laws of the United States with its main office in Sioux Falls, South Dakota. Wells Fargo is Master Service to the securitized trust and liable in privity for the acts and omissions of sub-servicer Homeward Residential, Inc..

6. Plaintiffs are informed and believe and on that basis allege that Defendant Homeward Residential, Inc. ("Homeward"), is a California Corporation registered with the Secretary of State as Corporation No. C3058956.

7. Plaintiffs are informed and believe and on that basis allege that Defendant Power Default Services, Inc. ("PDS") is a California Corporation registered with the Secretary of State as Corporation No. C3085711.

AMENDED COMPLAINT - 2

8. Plaintiffs are informed and believe and on that basis allege that Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), is a California Corporation registered with the Secretary of State as Corporation No. C3306164.

9. Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES 1 through 100, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

### III. Venue and Jurisdiction

10. All events referred to in this complaint and the Subject Property are located within the boundaries of Monterey County in the State of California. Therefore, jurisdiction and venue is properly with this Court.

### IV. Facts

11. On October 13, 2006, Plaintiffs recorded a Deed of Trust in the Monterey County Recorder's Office against the Subject Property to secure a Promissory Note in the amount of $1,500,000 in favor of American Brokers Conduit ("ABC") as original "Lender." The Deed of Trust names United Capital Title Company ("United") as Trustee. MERS was named as Beneficiary under the Deed of Trust, nominee for Lender.

12. On or about January 16, 2007, ABC securitized and sold Plaintiffs' Note and the beneficial interest in Plaintiff's Deed of Trust to the MASTR ADJUSTABLE RATE MORTGAGES TRUST 2007-1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-1 ("MASTR ARM TRUST 2007-1") according to Plaintiffs' securitization audit, Mortgage Securitization Audit & Analysis Report, (a true and correct copy of which is hereto attached as Exhibit A) (see Ex. A, pp. 22, 31), in violation of the Pooling and Servicing Agreement ("PSA") for the trust. See Ex. A, p. 46. The U.S. Bank is the assignee of beneficial interest as trustee for this securitized Trust. See Ex. A, p. 23.

13. Subsequent to the closing date for the Trust, January 16, 2007, and the transfer of beneficial interest, ABC could have only retained the rights to service the note and mortgage, and so would only have been able to transfer servicing rights and pursuant to the Master Loan Purchase and Servicing Agreement, did in fact sell and transfer the servicing rights. See Ex. A, p. 28.

14. Wells Fargo, and/or Homeward collected mortgage payments from Plaintiffs as a Servicer to Plaintiff's loan, without authorization; violating the Deed of Trust and the MASTR ARM TRUST 2007-1's PSA.

15. U.S. Bank failed to timely record the assignment to the Trust.

16. Plaintiffs' Deed of Trust includes provisions for acceleration remedies limiting the power of sale to the lender in case of default.

17. The Deed of Trust provides: "If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the property to be sold.  Trustee shall cause this notice to be recorded in each county in which any part of the Property is located. [] Trustee shall give public notice of sale . . . ."  A true and correct copy of Plaintiffs' Deed of Trust is attached hereto as Exhibit B.  See Ex. B, p. 13 ¶ 22.

18. U.S. Bank, Wells Fargo, Homeward, PDS and MERS sold the property in violation of this provision without executing a legal and valid written notice of the occurrence of an event of default and of Lender's election to cause the property to be sold.

19. Lender may only invoke an election of its power of sale upon default.

20. There was no default at the time of ABC's sale to the MASTR ARM TRUST 2007-1; therefore Defendants breached the provisions of paragraph 22 of the Deed of Trust because there was no notice prior to invocation of the power of sale.

AMENDED COMPLAINT - 4

21. Plaintiffs' audit indicates that U.S. Bank, Wells Fargo, Homeward, PDS and MERS are in breach of the PSA for the MASTR ARM TRUST 2007-1 and in violation of IRS Code Sec. 860G (2004, as amended).  See Ex. A, pp. 50, 57.

22. Plaintiffs are informed and believe the securitized trust must have received the Assignment of the Beneficial Interest of the Deed of Trust within 90 days of the close of the Trust, pursuant to the PSA for this Trust.  In this case there was no recorded assignment until July 6, 2010 in favor of American Home Mortgage Servicing, Inc. ("AHMSI") as original Lender and Loan Servicer under Plaintiffs' Deed of Trust (ABC was a dba for AHMSI).  See Ex. A, p. 25.  Late recording was a business practice of that saved thousands of dollars of recording fees, preparation fees, etc.  The consequence, however, is that all those loans are not assets of the Trust, including Plaintiffs' Deed of Trust.  Therefore, Defendants would either need to disclaim the asset if the Trust wishes to remain a pass-through entity, or pay the 35% corporate/trust tax rate on all of its income.  Plaintiffs' counsel on behalf of Plaintiffs, is a whistleblower to this scheme under the authority and at the request of the Internal Revenue Service, pursuant to 26 U.S.C. 7801(1982, as amended), for the purpose of reporting potential violations of Internal Revenue laws.

23. The closing date for the MASTR ARM TRUST 2007-1 was January 16, 2007 (see Ex. A, p. 25) and according to the Real Estate Mortgage Investment Conduit (REMICs) Reporting Information, IRS Publication 938, 2008, the Trust was no longer reporting income as of 2008.  Therefore, any Assignment could not have REMIC status, and the advantageous tax treatment associated therewith.  This scheme to avoid taxes and fees is the motive for Defendant's aforementioned breach of Defendant's PSA should not be sanctioned by this court

24. On July 6, 2010, an Assignment of the Deed of Trust (signed March 1, 2010) was recorded in the Monterey County Recorder's Office.  In this document, MERS purports to convey the beneficial interest in Plaintiffs' Deed of Trust to AHSMI  The document was signed byAndrew Fuerstenberger, allegedly as Vice President, and Kathy Smith, allegedly as Assistant

AMENDED COMPLAINT - 5

Secretary of MERS, but Mr. Fuerstenberger and Ms. Smith were actually robo-signers, and employees and U.S. Bank. See Ex. A, p. 47. While these signers are not, in fact, officers of MERS, California courts are clear that MERS is beyond the laws of mortal people, and ordinary rules such as agent/principal and the obligation to be truthful under penalty of perjury do not apply. This Assignment is invalid due to the failed securitization and due to the use of robo-signers. See Ex. A, p. 47.

25. On July 6, 2010 an Assignment of the Deed of Trust was recorded in the Monterey County Recorder's Office. In this document, MERS purports to convey the beneficial interest in Plaintiff's Deed of Trust to U.S. Bank, as Trustee for the MASTR ARM TRUST 2007-1. The document was also signed by Mr. Fuerstenberger and Ms. Smith, allegedly as an authorized officers of MERS, but Mr. Fuerstenberger and Ms. Smith were actually robo-signers, and employees of U.S. Bank. See Ex. A, p. 47. This Assignment is also invalid due to the failed securitization and the use of robo-signers.

26. On or about April 29, 2010, a Substitution of Trustee was recorded in the Monterey County Clerk's Office. This document was signed by Theresa Esposito, purportedly as Vice President of U.S. Bank and Carolyn White, purportedly as Assistant Vice President of U.S. Bank. Through this document U.S. Bank purports to substitute PDS as trustee in place of original trustee, United. Plaintiffs are informed and believe and on that basis allege that Ms. Esposito and Ms. White hold themselves out as authorized representatives of U.S. Bank but these persons are, in fact, robo-signers who have no personal knowledge of the facts pertaining to Plaintiffs' Deed of Trust and beneficial interest, and were never properly authorized to act on behalf of the true beneficiaries of the Note and Deed of Trust.

27. On that same day, October 19, 2012, a Notice of Default and Election to Sell Under Deed of Trust ("NOD") was recorded in the Monterey County Recorder's Office. The Notice of Default was signed by David Lopez, on behalf of PDS, as agent for beneficiary. The NOD was accompanied by a Declaration of Due Diligence pursuant to Cal. Civil Code Section

2923.5(b) and signed by Nurfeta Beklic as Vice President for an unknown business entity. Therefore, it is unclear as to whether the foreclosing parties or any authorized agent complied with Civil Code § 2923.5 and Defendants failed to record a sufficient declaration of compliance, invalidating the NOD.

28. On October 23, 2012, PDS served a Debt Validation Notice on behalf of U.S. Bank as Trustee for MASTR ARM TRUST 2007-1 and Homeward stating that Plaintiffs' loan was referred to PDS for foreclosure.

**A. First Cause of Action for Wrongful Foreclosure by Plaintiffs Against Defendants**

29. Plaintiffs re-allege and incorporate by reference all prior paragraphs in this complaint, as though fully set forth hereafter.

30. The impending foreclosure sale of Plaintiffs' property is illegal and wrongful both because the NOD is invalid and because Defendants U.S. Bank and/or Wells Fargo and Homeward is not the current Beneficiary under Plaintiffs' Deed of Trust, or Servicer(s).

31. ABC was the original Lender/Beneficiary under the Deed of Trust. ABC however securitized and sold the beneficial interest in Plaintiffs' Deed of Trust shortly after it recorded the Deed of Trust on October 13, 2006. From that time on, ABC only owned the servicing rights to Plaintiffs' loan if anything at all, and no longer held the beneficial interest under the Deed of Trust.

32. Because the Assignment(s) of Deed of Trust are false and invalid (see Ex. A, p. 46) and there are no other documents, recorded or otherwise, legally conveying the beneficial interest in the Deed of Trust to AHMSI or Defendant U.S. Bank, neither is currently the *true* beneficiary. Since U.S. Bank is not the beneficiary, they cannot exercise the power of sale and any attempted foreclosure sale of Plaintiffs' property on its behalf would thus be invalid and wrongful.

33. The imminent Trustee's sale would also be wrongful because, as discussed above, Defendant PDS is *not* the Trustee under the Deed of Trust, rendering the October 19, 2012 NOD invalid. Because the NOD is invalid, it cannot lead to a legal foreclosure sale of Plaintiffs' property. Moreover, just as Defendant PDS cannot Notice a valid Trustee's sale, it also cannot conduct a valid Trustee's Sale. Thus, if Defendant PDS were permitted to conduct the Trustee's sale, the sale would be wrongful and any subsequent Trustee's Deed Upon Sale would be void. *Dimock v. Emerald Properties, Inc.* (2000) 81 Cal. App. 4th 868, 876 (holding Trustee's Sale void where it was completed by an entity who was not in fact the trustee).

34. For the reasons stated above, Defendants are strangers to Plaintiffs' Deed of Trust and can claim no valid interest in the Subject Property. Thus, allowing Defendants to complete a foreclosure sale in the instant case violate the statutory scheme governing non-judicial foreclosures and would cause Plaintiffs to wrongfully lose their home. *See* Cal. Civ. Code § 2924 et seq.

35. Further, Plaintiffs are not required to tender the amount due to challenge documents recorded and clouding Plaintiff's title to the Property. *Tamburri v. Suntrust Mortgage, Inc.* (N.D. Cal. 2011) 2011 WL 6294472, *4 ("where a sale is void, rather than simply voidable, tender is not required"). As the Court found in *Dimock,* a Trustee's Deed issued by an entity who was not the correct Trustee is void. *Dimock v. Emerald Properties, Inc*. (2000) 81 Cal. App. 4th 868, 876; *see also Lona v. Citibank, N.A*. (2011) 202 Cal. App. 4th 89, 113,

36. For the reasons stated above, there is a likelihood that Plaintiffs will prevail on the merits of their wrongful foreclosure claim. If Defendants are permitted to rely on the void and wrongful NOD to complete this foreclosure process by conducting a Trustee's sale and issuing a Trustee's Deed Upon Sale, Plaintiffs will wrongfully lose their property. Such injury is irreparable and cannot be adequately compensated by financial means. Moreover, real property is considered unique in California, and monetary damages are deemed inadequate to compensate Plaintiffs for the loss thereof. S*tockton v. Newman* (1957) 148 Cal. App. 2d 558, 564.

AMENDED COMPLAINT - 8

WHEREFORE, Plaintiffs pray for judgment against defendants and each of them, as set forth below:

### **Prayer for Relief**

WHEREFORE, Plaintiffs ASVINI PATEL and PRAVINA PATEL pray for a judgment against the Defendants, and each of them, as follows:

1. For a judgment declaring that Deed of Trust recorded as document no. 2006091088 in the Monterey County Recorder's Office invalid and any subsequent proceedings based on these documents are also invalid.

2. For a temporary restraining order, a preliminary injunction, and a permanent injunction, all enjoining Defendants, and each of them, and their respective agents, servants, and employees, and all persons acting under, in concert with, or for them, from asserting any interest in the Subject Property or otherwise attempting in any manner to dispossess Plaintiffs from possession of the Subject Property; or taking any action to enforce any other remedy purportedly provided to them by the Deed of Trust;

3. For a judgment forever enjoining said defendants, and each of them, from claiming any estate, right, title or interest in the subject property;

4. For an order compelling said Defendants, and each of them, to transfer legal title and possession of the subject property to Plaintiffs herein;

5. For damages according to proof at trial;

6. For costs of suit and attorneys' fees herein incurred;

7. For punitive damages according to proof at trial;

8. For statutory damages; and

9. For such other relief as the Court may deem just and proper.

AMENDED COMPLAINT - 9

**Demand for Jury Trial**

Plaintiffs hereby demand a trial by jury of each and every claim so triable.

DATED: July 30, 2013          Respectfully submitted,


                          __/s/__Megan Dailey_____
                          Megan Dailey
                          Attorney for Plaintiffs
                          Yesk Law
                          70 Doray Drive, Suite 16
                          Pleasant Hill, CA 94523
                          925-849-5525