UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ASVINI PATEL et al.,<br><br>           Plaintiffs,<br>    v.<br><br>U.S. BANK, N.A. et al.,<br><br>           Defendants. | Case No. 5:13-cv-00748-PSG<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>**(Re: Docket No. 35)** |

Defendants U.S. Bank N.A., Wells Fargo Bank, N.A., Homeward Residential, Inc., Power Default Services, Inc. and Mortgage Electronic Registration Systems, Inc. move for summary judgment in this home foreclosure action.[1] Plaintiffs Asvini and Pravina Patel oppose.[2] The parties appeared for a hearing. Having considered the arguments, the court GRANTS Defendants' motion.

---

[1] *See* Docket No. 35.

[2] *See* Docket No. 13.

1
Case No. 5:13-cv-00748-PSG
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

# I. BACKGROUND[3]

On October 13, 2006, the Patels recorded a Deed of Trust in the Monterey County Recorder's Office against a property located at 24660 Vereda Corta in Salinas, California.[4] The DOT secured a Promissory Note in the amount of $1,500,000 in favor of American Brokers Conduit as the original lender.[5] The DOT named United Capital Title Company as the trustee.[6] Mortgage Electronic Registration Systems, Inc. was named as the beneficiary as nominee for ABC.[7]

In mid-January of 2007, ABC securitized and sold the Patels' note and its beneficial interest in the DOT to "2007-1 Mortgage Pass-Through Certificates, Series 18 2007-1," a security trust with Defendant U.S. Bank, N.A. as trustee.[8] The securitization and sale took effect pursuant to a Pooling and Services Agreement.[9] The Patels did not receive notice of the securitization nor were they in default at the time of the securitization.[10] ABC retained at most the servicing rights, but later transferred those rights to Defendants Wells Fargo Bank, N.A., and Homeward Residential, Inc., who proceeded to collect the Patels' mortgage payments for three years.[11] The assignment of the beneficial interest was not recorded until July 6, 2010, well after the "2007-1 Mortgage

---

[3] Except where otherwise noted, the facts in this section are taken from the declarations of the parties and the relevant deposition records, considered in the light most favorable to the Patels.

[4] *See* Docket No. 40-1, Ex. 1 at 55.

[5] *See* Docket No. 36 at 2.

[6] *See* Docket No. 38 at 2.

[7] *See id.*

[8] *See id.*

[9] *See id.*

[10] *See* Docket No. 40-1, Ex. 1 at 64.

[11] *See* Docket No. 37 at 2.

2
Case No. 5:13-cv-00748-PSG
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pass-Through Certificates, Series 18 2007-1" security trust closed.[12]

On March 25, 2010, the Patels defaulted on their loan obligations and a notice of default was recorded against the property.[13]

On October 23, 2012, Defendants initiated foreclosure proceedings against the property.[14]

On January 16, 2013, the Patels filed this suit alleging: (1) breach of express agreements, (2) breach of implied agreements, (3) slander of title, (4) violation of California Civil Code Section 2923.5, (5) wrongful foreclosure, (6) violation of the RICO statute and (7) unfair business practices.[15] Defendants moved to dismiss all claims[16] and the court subsequently dismissed all of the Patels' claims except the wrongful foreclosure claim, but offered leave to amend.[17] The amended complaint, however, only pursued the wrongful foreclosure claim.[18] This motion for summary judgment followed.

## II. LEGAL STANDARDS

Pursuant to Fed. R. Civ. P. 56(a), the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[19] Material facts are those that may affect the outcome of the case.[20]

---

[12] *See* Docket No. 37-1 at 26.

[13] *See* Docket No. 37 at 4.

[14] *See id.*

[15] *See* Docket No. 1, Ex. 1.

[16] *See* Docket No. 8.

[17] *See* Docket No. 25 at 18.

[18] *See* Docket No. 26 at 7.

[19] Fed. R. Civ. P. 56(a).

A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.[21]

### III. DISCUSSION

**A.    The Patels May Not Challenge Defendants' Standing to Foreclose**

Defendants argue that because the Patels were not parties to the PSA,[22] they do not have standing to challenge the securitization process of their loan.[23]

California's nonjudicial foreclosure scheme[24] provides "a comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust."[25]

> The purposes of this comprehensive scheme are threefold: (1) to provide the creditor/beneficiary with a quick, inexpensive, and efficient remedy against a defaulting debtor/trustor; (2) to protect the debtor/trustor from the wrongful loss of the property; and (3) to ensure that a properly conducted sale is final between the parties and conclusive as to a bona fide purchaser.[26]

State and federal courts disagree on whether permitting judicial challenges based on flaws in the securitization process properly serves this scheme.

Most courts have concluded that because there is no provision expressly permitting a homeowner to challenge foreclosure due to flaws in securitization, the legislature intended to exclude judges from the nonjudicial foreclosure process. This exclusion fast tracks creditors to a

---

[20] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.").

[21] *See id.*

[22] This fact is undisputed by both parties.

[23] *See* Docket No. 35 at 8.

[24] *See* Cal. Civ. Code §2924 *et seq*.

[25] *Moller v. Lien*, 25 Cal. App. 4th 822, 830 (1994).

[26] *Id.*

4
Case No. 5:13-cv-00748-PSG
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

quick, cost-efficient remedy against defaulting homeowners,[27] but it limits the protections afforded debtors facing the wrongful loss of property. Courts in this camp have noted that because defaulting homeowners' obligations under their mortgages remain unaffected by the securitization process, they are not wrongfully deprived of any property right.[28] The damage, if any, is to the beneficiary under the PSA, say these courts,[29] such that homeowners challenging foreclosure may not "construct a dispute" with regard to an "alleged improper transfer of the promissory note during the securitization process."[30] At least one court adopting this position further notes that to hold otherwise would "fundamentally undermine the nonjudicial nature of the process and introduce the possibility of lawsuits filed solely for the purpose of delaying valid foreclosures."[31]

---

[27] *See, e.g.*, *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 515 (June 12, 2013); *see also In re Davies*, Case No. 12-60003, 2014 WL 1152800, at *2 (9th Cir. Mar. 24, 2014); *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th, 1149, 1156 (2011); *Nguyen v. J.P. Morgan Chase Bank, N.A.*, Case No. 5:12-cv-04183-PSG, 2014 WL 207105, at *2 (N.D. Cal. Jan. 16, 2014); *Zapata v. Wells Fargo Bank, N.A.*, Case No. 3:13-cv-04288-WHA, 2013 WL 6491377, at *2 (N.D. Cal. Dec. 10, 2013) (citing *Subramani v. Wells Fargo Bank N.A.*, Case No. 3:13-cv-1605-SC, 2013 WL 5913789, at *3 (N.D. Cal. Oct. 31, 2013)); *Dahnken v. Wells Fargo Bank, N.A.*, Case No. 3:13-cv-2838-PJH, 2013 WL 5979356, at *2 (N.D. Cal. Nov. 8, 2013); *Maxwell v. Deutsche Bank Nat'l Trust Co.*, Case No. 3:13-cv-3957-WHO, 2013 WL 6072109, at *2 (N.D. Cal. Nov. 18, 2013); *Keshgtar v. U.S. Bank, N.A.*, 226 Cal. App. 4th 1201, 1203, 1207 (2014); *Vanova v. New Century Mortgage Corp.*, 226 Cal. App. 4th 495, 500 (2014).

[28] *See Jenkins*, 216 Cal. App. 4th at 515,

> A third-party homeowner is an unrelated party to the alleged securitization, and any other subsequent transfers of the beneficial interest under the promissory note and thus lacks standing to enforce any agreements, including the investment trust's pooling and servicing agreement, relating to such transactions and that even if any subsequent transfers of the promissory note were invalid the homeowner is not the victim of such invalid transfers because her obligations under the note remain unchanged. The true victim may be an individual or entity that believes it has a present beneficial interest in the promissory note and may suffer the unauthorized loss of its interest in the note but the plaintiff may not assume the theoretical claims of hypothetical transferors or transferees for the purpose of showing a 'controversy of concrete actuality.'

Quoting *Jessin v. Shasta Cnty.*, 274 Cal. App. 2d 737, 743 (1969).

[29] *See id.*

[30] *See id.* at 214.

[31] *Gomes*, 192 Cal. App. 4th at 1155.

5
Case No. 5:13-cv-00748-PSG
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

A minority of courts, however, have found that third-party homeowners do have standing to bring wrongful foreclosure claims based on securitization flaws. The minority position distinguishes *Gomes v. Countrywide Home Loans, Inc.*, a California court of appeals decision.[32] In that case, a plaintiff challenged his nonjudicial foreclosure by alleging flaws in the securitization process. The plaintiff supported his standing arguments with several district court cases. The *Gomes* court first held that two of these cases were not applicable as they did not apply California's nonjudicial foreclosure scheme.[33] The court then noted that all of Gomes' cited decisions were inapposite because the plaintiffs in those cases pointed out a specific flaw in securitization, whereas Gomes failed to identify "a specific factual basis for alleging that the foreclosure was not initiated by the correct party."[34]

The minority has interpreted this language to imply that if a party can point to a specific flaw in the securitization process, he or she can challenge the foreclosure on those grounds. The most prominent example is *Glaski v. Bank of America, N.A.*, in which the court relied on *Gomes* language to allow the plaintiff, who alleged a specific defect in the chain of title, to claim wrongful foreclosure.[35] Other courts have augmented *Gomes* reasoning.[36] They note that the plain language of the nonjudicial foreclosure statute indicates a desire to eliminate suspicion that the sale is not authorized, such that to preclude defaulting homeowners from challenging the foreclosing entity's

---

[32] *Id.*

[33] *Gomes*, 192 Cal. App. 4th at 1155-56.

[34] *Id.* at 1156.

[35] 218 Cal. App. 4th, 1079, 1099 (Aug. 8, 2013) (further holding that the trust in question was created under New York law and applying a literal reading of New York law to find that the securitization flaw rendered it void).

[36] *See Tamburri v. Suntrust Mortg., Inc.*, Case No. 3:11-cv-02899-EMC, 2011 WL 6294472, *10 (N.D. Cal. Dec. 15, 2011); *In re Cruz*, 457 B.R. 806, 814 (2011); *Sacchi v. Mortg. Elec. Registration Sys.*, Case No. 2:11-cv-01658, 2011 WL 2533029, *7 (C.D. Cal. Jun. 24, 2011); *Castillo v. Skoba*, Case No. 3:10-cv-01838, 2010 WL 3986953, *2 (S.D. Cal. Oct. 8, 2010); *Mena v. JP Morgan Chase Bank, N.A.*, Case No. 5:12-01257-PSG, 2012 WL 3987475, at *2; *Ohlendorf v. Am. Home Mortg. Serv.*, 279 F.R.D. 575 (E.D. Cal. 2010).

6
Case No. 5:13-cv-00748-PSG
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

authority runs contrary to the purpose of the statute.[37] Under this view, a failure to timely record beneficiary assignments is a nontrivial error because, even though not required by California law, such errors "allow a party to seek and obtain foreclosure regardless whether he has established the authority to do so."[38] The problem was squared up in *Sacchi v. Mortg. Elec. Serv.*,[39]

> If the execution date of an Assignment of Deed of Trust is "inconsequential," and the document itself does not reveal when the assignment occurred, then how is one to determine whether (and when) the purported assignment was consummated? How could one ever confirm whether the entity seeking to throw a homeowner out of his residence had the legal authority to do so?

Here, Defendants stand on *Jenkins* and its progeny – the majority position.[40] The Patels urge *Glaski* is the better view[41] and point out that in a prior order this court already recognized the Patels' standing to pursue a wrongful foreclosure claim based upon a defect in the chain of title.[42]

That order issued on July 16, 2013 – three weeks before the *Glaski* split emerged.[43] In reaching its conclusion, this court relied on three district court cases,[44] none of which were cited by either *Jenkins* or *Glaski*. In the subsequent months, this court and its California state court siblings

---

[37] *See Tamburri*, 2011 WL 6294472, at *11; *see also Ohlendorf*, 279 F.R.D. at 583 (holding that "while California law does not require the beneficiary to record assignments" backdated assignments "may be improper, and thereby taint the notice of default").

[38] *Tamburri*, 2011 WL 6294472, at *11 (quoting *Sacchi*, 2011 WL 2533029, at *6).

[39] 2011 WL 2533029, at *6.

[40] *See Nguyen v. J.P. Morgan Chase Bank, N.A.*, Case No. 5:12-cv-04183-PSG, 2014 WL 207105, at *2 (N.D. Cal. Jan. 16, 2014); *Zapata v. Wells Fargo Bank, N.A.*, Case No. 3:13-cv-04288-WHA, 2013 WL 6491377, at *2 (N.D. Cal. Dec. 10, 2013) (citing *Subramani v. Wells Fargo Bank N.A.*, Case No. 3:13-cv-1605-SC, 2013 WL 5913789, at *3 (N.D. Cal. Oct. 31, 2013)); *Dahnken v. Wells Fargo Bank, N.A.*, Case No. 3:13-cv-2838-PJH, 2013 WL 5979356, at *2 (N.D. Cal. Nov. 8, 2013); *Maxwell v. Deutsche Bank Nat'l Trust Co.*, Case No. 3:13-cv-3957-WHO, 2013 WL 6072109, at *2 (N.D. Cal. Nov. 18, 2013).

[41] 218 Cal. App. 4th 1079 (2013) (holding that homeowner had right to challenge foreclosure based on alleged deficiencies in chain of title).

[42] *See* Docket No. 25 at 12.

[43] *See* Docket No. 25 at 19, *supra* notes 27, 31.

[44] *See* Docket No. 25 at 12 n.45. The cases were *Mena*, 2012 WL 3987475, *Tamburri*, 2011 WL 6294472 and *Sacchi*, 2011 WL 2533029.

7
Case No. 5:13-cv-00748-PSG
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

have almost universally rejected *Glaski* and adopted *Jenkins*.[45]  The Ninth Circuit even weighed in with *In re Davies*.[46]  In *Davies*, the circuit declined to allow a wrongful foreclosure claim based upon defects in chain of title, stating that "the weight of authority holds that debtors" who "are not parties to the pooling and servicing agreements cannot challenge them.  We believe the California Supreme Court, if confronted with this issue, would so hold."[47]  In light of this authority, the court reaffirms its holding in *Nguyen*[48] and declines to endorse *Glaski*.  The Patels may not bring a wrongful foreclosure claim based upon defects in securitization, and Defendants are entitled to summary judgment on that claim.

**B.  Dismissal of Defendants' Motion Under Rule 56(d) Is Unwarranted**

The Patels urge that even if otherwise warranted, summary judgment be denied under Fed. R. Civ. P. 56(d) because they had insufficient opportunity to depose witnesses prior to Defendants' filing this motion.[49]  When the non-moving party has shown specific reasons for why

---

[45] *See supra* note 30; *Keshgtar v. U.S. Bank, N.A.*, 226 Cal. App. 4th 1201, 1203, 1207 (2014) (stating that "for some hopefuls, *Glaski* holds out the tantalizing option of a preemptive action to challenge a foreclosure" but "it does not" and that "*Glaski* reads *Gomes* too narrowly" by finding an exception to *Gomes*' blanket holding that "there is no judicial action to challenge the authority of the person initiating the foreclosure process"); *see also Vanova v. New Century Mortgage Corp.*, 226 Cal. App. 4th 495, 500 (2014) (noting that California courts have declined to follow *Glaski*).

[46] *See* Case No. 12-60003, 2014 WL 1152800, at *2 (9th Cir. Mar. 24, 2014).

[47] *Id.*

[48] Beyond *Glaski*, the Patels point to several other cases where the court gave some consideration to flaws in securitization.  *See Barrionuevo v. Chase Bank, N.A.*, 855 F.Supp. 2d 964, 972 (N.D. Cal. 2012); *Herrera v. Deutsche Bank Nat'l Trust Co.*, 196 Cal. App. 4th 1079, 1088, 1097 (2011); *Ohlendorf v. Am. Home Mortg. Servicing*, 279 F.R.D. 575, 583 (E.D. Cal. 2010); *Javaheri v. JP Morgan Chase Bank, N.A.*, Case No. 2:10-cv-08185-ODW, 2011 WL 2173786 (C.D. Cal. 2011). However, these cases either involved motions to dismiss or ex post oppositions to foreclosures. As such, they do not directly bear on the Patels' ex ante challenge to U.S. Bank's standing to foreclose.  Presumptive challenges "implicate the statutory policy of providing a beneficiary with a quick, inexpensive and efficient method of foreclosure" and are thus disfavored.  *Keshtgar*, 226 Cal. App. 4th at 1206.

[49] *See* Docket No. 42 at 4.

8
Case No. 5:13-cv-00748-PSG
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

it cannot present facts essential to justify its opposition, Rule 56[50] allows the court to defer considering the motion, deny it, grant additional time to obtain affidavits, declarations or discovery or issue any other appropriate order.[51] "The requesting party must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery, (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment."[52]  However, relief may be denied if "the moving party has not acted diligently in pursuing discovery before summary judgment."[53]

In this case, the Patels marshal no affidavits describing what facts they hope to discover or why those facts are essential to their opposition.  They instead broadly demur their intention to depose Defendants' witnesses in order to "compel them to produce documents and information in support of the purported 'evidence' Defendants have presented in their Motion."[54]  Such conjecture is insufficient to invoke Rule 56(d).[55]

---

[50] In 2010, Rule 56(f) was renamed to 56(d).  Much of the case precedent references the former Rule 56(f).

[51] *See* Fed. R. Civ. P. 56(d),

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

[52] *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).

[53] *Meaux v. Northwest Airlines, Inc.*, 490 Fed. App'x. 58, 60 (9th Cir. 2012).

[54] Docket No. 42 at 4.

[55] *See Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100-01 (9th Cir. 2006) (holding that plaintiff's Rule 56(d) motion was insufficiently specific because it did not show what facts were sought or how additional discovery would reveal those facts); *see also Morgan v. Schmidt*, 119 F.3d 6, 6 (9th Cir. 1997) ("References in memoranda and declarations to a need for discovery do not qualify as motions under rule 56(f).") (quoting *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986)); *Madsen v. Risenhoover*, Case No. 4:09-cv-05457-SBA-PR, 2012 WL 2873836, at *2-3 (N.D. Cal. Jul. 12, 2012).  Although the Patels claimed they would serve notice of deposition to Defendants' witnesses on June 18, they did not do so.  Nor did

9
Case No. 5:13-cv-00748-PSG
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### C.  Because the Patels Have Not Identified Any Triable Issue of Material Fact, Summary Judgment is Warranted

The Patels point to two of Defendants' exhibits to suggest the existence of triable issues of material fact: (1) the declaration of John Richards of U.S. Bank[56] and (2) the declaration of Akinsola Abodunde of Wells Fargo.[57] The Patels do not introduce any countervailing evidence or objections to Defendants' evidence and instead simply rely on attorney argument to discredit Defendants' witness declarations. This is an insufficient basis to deny summary judgment.

In sum, summary judgment is warranted. Judgment will follow.

**IT IS SO ORDERED.**

Dated: August 6, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge

---

the Patels serve any written discovery or provide deposition notice until three days prior to the discovery cutoff date, despite discovery being open for over one year. *See* Docket No. 43 at 5. On July 7, 2014, two days before the summary judgment hearing, the Patels filed a motion to compel deposition testimony. *See* Docket No. 56. The Patels argue that they entered into deposition discussions with Defendants on June 18, but that Defendants stalled and were obstructionist. *See id.* at 4. These allegations do not address why the Patels did not take action until June 18, when the witness disclosures were filed on June 3. The Patels' counsel argues that because he was out of the country until June 16, he was unable to review Defendants' disclosures in a timely manner. *See id.* However, the Patels have not indicated that other counsel of record for the Patels was out of the office during this time. This precludes a finding of diligence. *See Martinez v. Columbia Sportswear USA Corp.*, 553 Fed. App'x 760, 761-62 (9th Cir. 2014) (upholding Rule 56(d) denial because plaintiff did not state disputed material facts, had not pursued basic discovery, and summary judgment motion was filed nine months after plaintiff filed suit); *Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1005 (9th Cir. 2002) (upholding Rule 56(f) denial in part because plaintiff waited to commence discovery until shortly before discovery cutoff).

[56] *See* Docket No. 38.

[57] *See* Docket No. 36.