UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASVINI PATEL, et al.,<br>　　　　　Plaintiffs,<br>　　v.<br>U.S. BANK, N.A., et al.,<br>　　　　　Defendants. | Case No. 13-cv-00748-SK<br><br>**ORDER ON REMAND**<br><br>Regarding Docket No. 67 |

In this mortgage foreclosure action, Plaintiffs Asvini and Pravina Patel (collectively, "Plaintiffs") alleged that on October 13, 2006, they recorded a Deed of Trust ("DOT") in the Monterey County Recorder's Office against a property located at 24660 Vereda Corta in Salinas, California (the "Property"). (Amended Compl., ¶ 11.) The DOT secured a Promissory Note in the amount of $1,500,000 in favor of American Brokers Conduit ("ABC") as the original lender. (*Id*.) In other words, Plaintiffs borrowed money from ABC and secured the loan with the Property. Plaintiffs further allege that on January 16, 2007, ABC securitized and sold Plaintiffs' Promissory Note and the beneficial interest in the DOT to the Master Adjustable Rate Mortgages Trust 2007-1, Mortgage Pass-Through Certificates, Series 2007-1 ("Master Arm Trust 2007-1"), in violation of the Pooling and Servicing Agreement ("PSA") for the Master Arm Trust 2007-1. (*Id*., ¶ 12.) Defendant U.S. Bank, N.A. is the trustee of the Master Arm Trust 2007-1. (*Id*.) The assignment of the DOT to the Master Arm Trust 2007-1 was not recorded until July 6, 2010, which was after the closing date of January 16, 2016 for the Master Arm Trust 2007-1. (*Id*., ¶¶ 22, 23.) Plaintiffs allege that, because the assignment of the DOT to Master Arm Trust occurred after the closing date, the attempted transfer was invalid, and any subsequent transfer was invalid as well. (*Id*., ¶ 32.) Plaintiffs allege that Defendants therefore do not have any interest in the DOT and may not foreclose on the Property. (*Id*.)

On August 6, 2014, the Court granted summary judgment in favor of Defendants U.S Bank N.A., Wells Fargo Bank, N.A., Homeward Residential, Inc., Power Default Services, Inc. and Mortgage Electronic Registration Systems, Inc. (collectively, "Defendants") on the grounds that Plaintiffs lacked standing to bring their wrongful foreclosure claim based on alleged defects in the securitization of the promissory note and the deed of trust. Plaintiffs appealed this order.

On February 18, 2016, the California Supreme Court issued an order in *Yvanova v. New Century Mortgage Corporation*, 62 Cal. 4th 919 (2016). The Court ruled that "[a] borrower who has suffered a nonjudicial foreclosure does not lack standing to sue for wrongful foreclosure based on an allegedly void assignment merely because he or she was in default on the loan and was not a party to the challenged assignment." *Id*. at 924. As the Court explained deeds of trust and the nonjudicial foreclosure process:

> A deed of trust to real property acting as security for a loan typically has three parties: the trustor (borrower), the beneficiary (lender), and the trustee. The trustee holds a power of sale. If the debtor defaults on the loan, the beneficiary may demand that the trustee conduct a nonjudicial foreclosure sale. . . .
>
> While it is the trustee who formally initiates the nonjudicial foreclosure, by recording first a notice of default and then a notice of sale, the trustee may take these steps only at the direction of the person or entity that currently holds the note and the beneficial interest under the deed of trust – the original beneficiary or its assignee – or that entity's agent. . . .
>
> [A] borrower can generally raise no objection to assignment of the note and deed of trust. A promissory note is a negotiable instrument the lender may sell without notice to the borrower. . . .The deed of trust, moreover, is inseparable from the note it secures, and follows it even without a separate assignment. . . .
>
> A deed of trust may thus be assigned one or multiple times over the life of the loan it secures. But if the borrower defaults on the loan, only the current beneficiary may direct the trustee to undertake the nonjudicial foreclosure process. . . .

*Id*. at 926-28. The Court further explained that, because

> in a nonjudicial foreclosure only the original beneficiary of the deed of trust [the lender] or its assignee or agent may direct the trustee to sell the property, an allegation that the assignment was void, and not merely voidable at the behest of the parties to the assignment, will

2

support an action for wrongful disclosure.

*Id*. at 924.  The Court clarified that its ruling was "a narrow one" and explained that it was not holding or suggesting "that a borrower may attempt to preempt a threatened nonjudicial foreclosure . . ." or that the plaintiff had actually "alleged facts showing that the assignment [was] void . . . ." *Id*.

On May 20, 2016, the Ninth Circuit reversed the order entering judgment in the above captioned matter and remanded for reconsideration in light of the California Supreme Court's decision in *Yvanova*.  On June 6, 2016, this case was reassigned to the undersigned.

Since *Yvanova*, courts have considered whether parties may bring a wrongful foreclosure action to challenge a nonjudicial foreclosure based on alleged defects in assignments of the deed of trust to an investment loan trust and whether such alleged defects rendered the assignments void or merely voidable.  Courts since *Yvanova* have held that, if the pooling and servicing agreement ("PSA") for investment loan trusts is governed by New York law, the alleged defect rendered the assignment merely voidable and not void.  *See, e.g. Saterbak v. JPMorgan Chase Bank, N.A.*, 245 Cal. App. 4th 808 (2016); *Morgan v. Aurora Loan Services, LLC*, --- Fed Appx. ---, 2016 WL 1179733, *2 (9th Cir. March 28, 2016) (finding that plaintiff lacked standing "because an act in violation of a trust agreement is voidable – not void – under New York law, which governs the [PSA] at issue[.]"); *Reed v. Wilmington Trust, N.A.*, 2016 WL 3124611, *5 (N.D. Cal. June 3, 2016); *Croskrey v. Ocwen Loan Servicing, LLC*, 2016 WL 3135643 (C.D. Cal. June 2, 2016); *Hard v. Bank of New York Mellon*, 2016 WL 2593911,*12 (E.D. Cal. May 5, 2016).

Similar to Plaintiffs' allegations in this action, the plaintiffs in *Saterbak* alleged that the assignment of the deed of trust occurred after the closing date for the investment loan trust in violation of the PSA and that the signature on the instrument was forged or robo-signed.  *Id*. at 811.  Citing *Rajamin v. Deutsche Bank Nat'l Trust Co.*, 757 F.3d 79, 88-89 (2d Cir. 2014), the court held that an untimely assignment to a securitized trust made after the investment loan trust's closing date was merely voidable under New York law.  *Saterbak*, 245 Cal. App. 4th at 815.  Therefore, the plaintiff lacked standing to challenge the alleged defects in the assignment to the trust.  *Id*.

1   Here, the Court notes that the PSA provides that it is governed by New York law.  (Dkt. 38
2   (Declaration of John G. Richards II in Support of Motion for Summary Judgment, Ex. 1, §
3   12.03).)  The Court directs the parties to file supplemental briefs regarding Defendants' motion for
4   summary judgment.  The parties shall address whether Plaintiffs' alleged defects, if true, would
5   render the challenged assignments void or voidable.  Moreover, if the assignments were rendered
6   void, the parties shall address whether Plaintiffs may bring this preemptive wrongful foreclosure
7   suit before a foreclosure sale has occurred and whether Plaintiffs have shown they incurred any
8   damages.  Defendants shall file their supplemental brief by no later than June 29, 2016.  Plaintiffs
9   shall file their response by no later than July 13, 2016.  The Court will hold a hearing on
10  Defendants' motion for summary judgment on July 27, 2016 at 9:30 a.m.

**IT IS SO ORDERED**.

Dated: June 15, 2016



SALLIE KIM
United States Magistrate Judge