UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASVINI PATEL, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>U.S. BANK, N.A., et al.,<br><br>    Defendants. | Case No. 13-cv-00748-SK<br><br>**ORDER REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Regarding Docket No. 67 |

    Now before the Court, on remand, is the motion for summary judgment filed by Defendants U.S Bank N.A., Wells Fargo Bank, N.A., Homeward Residential, Inc., Power Default Services, Inc. and Mortgage Electronic Registration Systems, Inc. (collectively, "Defendants"). In an order dated August 6, 2014, the Court granted Defendants' motion for summary judgment on the grounds that Plaintiffs Asvini and Pravina Patel (collectively, "Plaintiffs") lacked standing to bring their wrongful foreclosure claim. The Ninth Circuit remanded this action for the Court to reconsider the order granting summary judgment in light of the California Supreme Court's ruling in *Yvanova v. New Century Mortgage Corporation*, 62 Cal. 4th 919 (2016).

    In *Yanova*, the California Supreme Court held that "[a] borrower who has suffered a nonjudicial foreclosure does not lack standing to sue for wrongful foreclosure based on an allegedly *void* assignment merely because he or she was in default on the loan and was not a party to the challenged assignment." *Id*. at 924 (emphasis added). However, if the alleged defect rendered the assignment merely *voidable*, a borrower would not have standing to sue. *Id*. Upon remand, the Court requested supplemental briefing from the party on the issue of whether Plaintiffs' alleged defects rendered the assignments void or voidable. The Court noted that, since *Yvanova*, courts held that if the pooling and servicing agreement ("PSA") for investment loan trusts is governed by New York law, as the PSA is here, the alleged defect renders the assignment

1  merely voidable and not void.  *See, e.g. Saterbak v. JPMorgan Chase Bank, N.A.*, 245 Cal. App.
2  4th 808 (2016); *Morgan v. Aurora Loan Services, LLC*, --- Fed Appx. ---, 2016 WL 1179733, *2
3  (9th Cir. March 28, 2016) (finding that plaintiff lacked standing "because an act in violation of a
4  trust agreement is voidable – not void – under New York law, which governs the [PSA] at
5  issue[.]"); *Reed v. Wilmington Trust, N.A.*, 2016 WL 3124611, *5 (N.D. Cal. June 3, 2016);
6  *Croskrey v. Ocwen Loan Servicing, LLC*, 2016 WL 3135643 (C.D. Cal. June 2, 2016); *Hard v.*
7  *Bank of New York Mellon*, 2016 WL 2593911,*12 (E.D. Cal. May 5, 2016).

      The Second Circuit thoughtfully analyzed this issue and determined that, under New York law, a borrower does not have standing to challenge an assignment that was purportedly made in violation of the PSA.  *See Rajamin v. Deutsche Bank Nat'l Trust Co.*, 757 F.3d 79, 87-89 (2d Cir. 2014).  Because, "[u]nder New York law, unauthorized acts by trustees are generally subject to ratification by the trust beneficiaries[,]" the court held that only trust beneficiaries have standing to claim a breach of trust.  *Id*. at 89-90.  The court noted that void acts are not subject to ratification.  Therefore, unauthorized acts by a trustee are "merely voidable by the beneficiary." *Id*. at 90.

      The court examined a New York statute, New York Estates, Powers & Trusts Law ("EPTL") § 7-2.4.  This statute states: "[i]f the trust is expressed in the instrument creating the estate of the trustee, every sale, conveyance or other act of the trustee in contravention of the trust, except as authorized by this article and by any other provision of law, is void." N.Y. Estates, Powers and Trusts Law § 7-2.4.  However, because, as noted above, beneficiaries may ratify unauthorized acts by trustees, the court found that *ultra vires* acts were merely voidable, not void. *Rajamin*, 757 F.3d at 88.  The court found that "the weight of New York authority is contrary to [the] contention that any failure to comply with the terms of the PSAs rendered defendants' acquisition of plaintiffs' loans and mortgages void as a matter of law."  *Id*.  The court noted that no New York appellate decision has applied EPTL § 7-2.4 to hold that actions taken in violation of PSAs are *void*, as opposed to *voidable*.  *Rajamin*, 757 F.3d at 90.

      *Rajamin* has been cited with approval by several New York state appellate courts.  *See U.S. Bank Nat. Ass'n v. Carnivale*, 138 A.D. 3d 1220, 1222 (N.Y. App. Div. 2016) (finding that the homeowner lacked standing to challenge the foreclosure based on the purported noncompliance

2

with the PSA); *Wells Fargo Bank, N.A. v. Erobobo*, 127 A.D. 3d 1176 (N.Y. App. Div. 2015) ("a mortgagor whose loan is owned by a trust[] does not have standing to challenge the [bank's] … status as an assignee of the note and mortgage based on purported noncompliance with certain provisions of the PSA"); *Bank of Am. Nat. Ass'n v. Patino*, 128 A.D. 3d 994, 994-95 (N.Y. App. Div. 2015) (same); *Bank of New York Mellon v. Gales*, 116 A.D. 3d 723, 725 (N.Y. App. Div. 2014) (same). Similarly, New York trial courts have followed *Rajamin* as well. *See U.S. Bank Nat. Ass'n v. Duthie*, 35 Misc. 3d 1218(A), 3 N.Y.S 3d 287 (2014) (citing *Rajamin* and holding that the borrower did not have standing to assert noncompliance with the PSA because "acts may be ratified by the trust's beneficiaries and are voidable only at the instance of a trust beneficiary or a person acting on his behalf") (internal quotation marks and citation omitted). Notably, the Court did not locate any New York state court rejecting the holding of *Rajamin*.

   Nevertheless, in their supplemental brief, Plaintiffs urge the Court not to follow the Second Circuit's order in *Rajamin*. Instead, Plaintiffs contend that the Court is bound by the literal language of EPTL § 7-2.4. However, "this provision has not been applied literally by New York courts." *Berezovskaya v. Deutsche Bank Nat. Trust Co.*, 2014 WL 441560, *6 (E.D.N.Y. Aug. 1, 2014); *see also Calderon v. Bank of Am. N.A.*, 941 F. Supp. 2d 753, 766 (W.D. Tex. 2013) ("New York case law . . . makes clear that [EPTL] section 7-2.4 is not applied literally in New York.") (internal quotation marks and citation omitted). Instead, despite the term "void," courts interpreting this provision have found that trust beneficiaries may consent to and ratify acts that violate the terms of the trust. *See*, *e.g. Duthie*, 35 Misc. 3d 1218(A), 3 N.Y.S 3d 287; *see also Feldman v. Torres*, 34 Misc. 3d 47, 939 N.Y.S.2d 221, 224 (N.Y. App. Term 2011) (rejecting argument that a loan that violated the terms of the trust was void under EPTL § 7-2.4 because the because the borrower had not demonstrated as a matter of law that the trustee, who had executed the promissory note for the loan, lacked actual or apparent authority to bind the trust to the note); *In re Jepson*, 816 F.3d 942, 947 (7th Cir. 2016); *Berezovskaya*, 2014 WL 441560 at *6; *Tran v. Bank of New York*, 2014 WL 1225575, at *4-5 (S.D.N.Y. Mar. 24, 2014). If a beneficiary may ratify an *ultra vires* act, then the act is merely voidable, and not void. *See Tran*, 2014 WL 1225575 at *5 (citing *Hackett v. Hackett*, 2012 WL669525, at *20 (N.Y. Sup. Ct. Feb. 21, 2012)

3

("A void contract cannot be ratified; it binds no one and is a nullity. However, an agreement that is merely voidable by one party leaves both parties at liberty to ratify the transaction and insist upon its performance.") (internal citation omitted)).

Plaintiffs cite several cases that have applied EPTL § 7-2.4 to hold that actions by trustees are void. *See Mater of Newlin*, 119 Misc. 2d 815, 820 (1982); *Matter of Pepi*, 268 AD 2d 477, 478 (2000); *Aurora Loan Servs. LLC v. Scheller*, 2014 NY Slip Op 31416; *Dye v. Lewis*, 67 Misc. 2d 426, 428 (1971). However, none of these cases address the New York case law regarding ratification. *See Rajamin*, 757 F.3d at 89-90 (finding authority relying on EPTL § 7-2.4 to void acts were unpersuasive due to the failure to discuss the New York authorities holding that beneficiaries may ratify otherwise unauthorized acts of the trustee); *Berezovskaya v. Deutsche Bank Nat. Trust Co.*, 2014 WL 441560 (E.D. NY Aug. 1, 2014) (discounting cases that apply EPTL § 7-2.4 to void transactions without considering the "well-settled rule that a beneficiary may ratify a trustee's *ultra vires* act, thus making such an act voidable, rather than void"). Therefore, these cases are not persuasive.

The Court finds that the weight of the authority demonstrates that an assignment done in violation of the PSA is merely voidable, not void, under New York law. Therefore, Plaintiffs lack standing to challenge the assignments and the Court GRANTS Defendants' motion for summary judgment.

**IT IS SO ORDERED**.

Dated: July 27, 2016

_____
SALLIE KIM
United States Magistrate Judge